

April 10, 2026

Hon. Judge Stephanie Gallager
U.S. District Court of Maryland
101 West Lombard Street
Baltimore, MD 21201

      RE:     Response to Letter Order, ECF No. 28

Dear Judge Gallagher:

I write in response to this honorable Court's March 31, 2026 Letter Order (ECF No. 28).

As described to this Court previously, undersigned counsel contracted a specialized AI platform intended for lawyer use. To produce the previously filed Plaintiff's Opposition to Defendant's Motion to Dismiss, counsel undertook the same process: pulling relevant case law and using it to produce an initial draft of standards and argument with case citations included. Counsel uploaded relevant case law to the platform and then used the in-line editing feature for final edits – smoothing out language and perfecting the citation formatting.

As this Court is already aware, in late 2025, counsel became aware of errors made by the in-line editing tools from the AI platform. To ameliorate this issue, counsel began to carefully check each submission including case citations or quotations and physically marking verified citations. Counsel did do this prior to submission of the relevant Opposition.

Counsel admits — candidly, and with grave embarrassment — that the nonexistent quotation cited to *Henson v. Honor Comm. of the Univ. of Va., 719 F.2d 69, 74 (4th Cir. 1983)* and the improper citations to *Christian v. Cecil Cnty.*, 817 F. Supp. 1279, 1284 (D. Md. 1993) slipped past her protocol. Due to this, this counsel and the firm will be fundamentally changing and restricting our use of AI tools (see "Correction" section below).

*Specifics of Compilation - Henson*
The case was pulled during research for the unconstitutional due process claim in the academic context. Counsel presented the following statement:

> Due process requires notice "specific enough to permit [the employee] to prepare and present a meaningful response." *Henson v. Honor Comm. of the Univ. of Va.*, 719 F.2d 69, 74 (4th Cir. 1983).

**QUINN PATTON**

*An Employment Law Firm*

838 Ritchie Highway, Suite 4, Severna Park Maryland 21146
1629 K Street N.W., Suite 300, Washington D.C. 20006
443.247.5444 | 202.508.3644



ECF 21 at 18. By way of explanation of the error, counsel believes that the AI system may have misconstrued the following, real sentence from the case to create the above, non-existent quote: "The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it.'" *Henson v. Honor Comm. of U. Va.* at 73–74.

The *Henson* case was identified by counsel in her research as an undue process case in an academic context, whose facts are distinguishable from Plaintiff Gorman's circumstances. In *Henson,* the record revealed that the student review committee followed its standard processes in the evaluation of Plaintiff Henson's conduct. Further, the case revolved around particularly concrete facts — the accusation that Henson improperly stole and removed content in a moot court competition (this was followed by additional actions and his eventual removal from the school due to his academic performance). In Plaintiff Gorman's case, claims of negative performance are not concrete but nebulous (there is no clear-cut GPA metric). Further, unlike in *Henson*, Plaintiff Gorman has pled that the Defendant here did *not* follow its standard evaluation procedure — a vital part of the claim regarding unconstitutional procedure. Ultimately, counsel did not find the value of this case/argument to outweigh the need for concision of her opposition and did not use the case. Nevertheless, the AI system reviewed, misconstrued, and mis-quoted to the case. Counsel greatly regrets the oversight in not catching this nonexistent quote.

*Specifics of Compilation - Christian*

*Christian v. Cecil Cnty.*, 817 F. Supp. 1279 (D. Md. 1993) was identified during research due to its relevance to the due process arguments, conspiracy claims, and the clear statement that tenured public employees have a property interest in continued employment. See *Id.* at 1284-1286; 1287; 1288. On the improper use of *Christian* in the equal protection section, this was a genuine and unfortunate oversight by counsel in drafting. As the Court properly notes, the §1983 claim at issue in Christian was not an equal protection claim. Counsel placed a reference to this case in the improper section of her draft; the AI system, rather than flagging the error in any way, seems to have sought to create the most appropriate pin cite.

*Correction*

Our firm's use of AI technology began from a place of the best intentions. As a plaintiff-side employment law firm, by nature, we represent clients in either wrongful termination matters or in tenuous employment circumstances. The costs of mounting a case are high, and we intended to use AI to make our representation more time- and cost-efficient in an effort to expand access to the courts and justice.



**QUINN PATTON**

*An Employment Law Firm*

838 Ritchie Highway, Suite 4, Severna Park Maryland 21146
1629 K Street N.W., Suite 300, Washington D.C. 20006
443.247.5444 | 202.508.3644



Over the last week, undersigned counsel has deeply considered the role of AI technology in the legal profession. While there remains value in these tools, counsel has fully acknowledged and determined that this AI in-line editing tool simply cannot be used to format content with case citations, legal standards or legal argument text, even with the additional safeguards that she imposed for review. Since receipt of this Court's letter in the instant case, counsel has stopped using this tool for the editing or formatting of legal standards and argument contact and will continue to do so.

The firm is actively adding staff to ensure absolute and full review of all content, and to provide support now that we have fully ended the use of the AI editing tool for editing of any content with legal citations. For example, since counsel filed Plaintiff's Opposition to Defendant's Motion to Dismiss in this matter, the firm also added another associate attorney to provide another round of review of all citations. The firm is also in the process of onboarding a full-time paralegal who will begin at the end of April 2026 to assist further with citation checks and review.

Additionally, Plaintiff's counsel is able and willing to submit a revised Opposition, if ordered or requested by this honorable Court, with the following corrections. Counsel notes that the stated legal standards presented in the Opposition, while incorrectly cited, do exist and are included here:

1) Replacement of *Henson* quote:
   a) Opposition Content: "Due process requires notice "specific enough to permit [the employee] to prepare and present a meaningful response." *Henson v. Honor Comm. of the Univ. of Va.*, 719 F.2d 69, 74 (4th Cir. 1983)."
   b) Replacement language: In *Reed v. Mayor & City Council of Baltimore*, the Maryland Court of Appeals (now the Maryland Supreme Court) examined a notice requirement in police disciplinary appeals in light of 14th Amendment due process. See 323 Md. 175, 183-184 (1991). The Court stated that the "obvious purpose" of notice is to, "apprise the officer of the charges warranting disciplinary action in sufficient detail to enable the officer to marshal evidence and arguments in defense of the assertions." *Id.* at 184.

2) Replacement of the reference to *Christian* with regard to the equal protection use:
   a) Opposition content: "To state an Equal Protection claim, Dr. Gorman must demonstrate that he was treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. *Christian,* 817 F. Supp. at 1284."

**QUINN PATTON**

*An Employment Law Firm*

838 Ritchie Highway, Suite 4, Severna Park Maryland 21146
1629 K Street N.W., Suite 300, Washington D.C. 20006
443.247.5444 | 202.508.3644



b) Replacement language (direct case quote): "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

3) Replacement of the reference to *Christian* with regard to the limitations use:

a) Opposition content: "Limitations is an affirmative defense that Defendants bear the burden of establishing. *Christian,* 817 F. Supp. at 1285 n.8."

b) Replacement language (direct case quote): "[A] defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed.R.Civ.P. 8(c), and the burden of establishing the affirmative defense rests on the defendant. *See Newell v. Richards,* 323 Md. 717, 594 A.2d 1152, 1156 (1991); *accord Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co.,* 427 F.2d 862, 870 (4th Cir.1970). It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

Counsel apologizes again for these errors and will diligently avoid the same use of these AI tools in the preparation of similar materials.

Dated: April 10, 2026          Respectfully Submitted,

/s/ Katherine Patton
Katherine Patton, Fed. Bar No. 30693

Quinn Patton, LC
838 Ritchie Highway, Suite 4
Severna Park, Maryland 21146
(443) 247-5444
katpatton@quinnpatton.com

*Attorney for the Plaintiff*

QUINN PATTON

*An Employment Law Firm*

838 Ritchie Highway, Suite 4, Severna Park Maryland 21146
1629 K Street N.W., Suite 300, Washington D.C. 20006
443.247.5444 | 202.508.3644